UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEROY JOHNSON,

        Petitioner,

v.                                     Case No. 21-C-1177

DYLON RADTKE,

        Respondent.

## DECISION AND ORDER

        Petitioner Leroy Johnson filed a petition for federal relief from his state court conviction pursuant to 28 U.S.C. § 2254 on October 12, 2021. Johnson was convicted in Kenosha County Circuit Court of one count of first-degree sexual assault of a child, one count of kidnapping, two counts of attempted kidnapping, one count of theft, one count of attempted child abduction, one count of child enticement, and one count of false imprisonment. He was sentenced to a total of 60 years of initial confinement and 20 years of extended supervision.

        On October 13, 2021, the Court screened the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and allowed Johnson to proceed on his claims that the trial court erred by denying Johnson's motion to suppress his statement to police because the police failed to provide *Miranda* warnings, the trial court erred by denying his request to admit evidence of one of the victim's prior sexual conduct, and the trial court erred by admitting evidence that Johnson kept a room in his house for viewing sexually explicit materials. The Court ordered Respondent to either file an appropriate motion seeking dismissal or answer the petition and Johnson to file a reply within 30 days following the filing of Respondent's answer. Respondent filed an answer on

January 12, 2022. Johnson did not file a reply. The Court finds that no further briefing is required and will resolve the petition on the record as it now stands. For the following reasons, the petition will be denied and the case will be dismissed.

**BACKGROUND**

On April 11, 2013, Johnson approached a young female, J.L.R. He pointed a gun at her and demanded that she get into his car. J.L.R. complied, and Johnson drove her around Kenosha and sexually assaulted her. J.L.R. eventually escaped from the car.

On October 22, 2015, Johnson approached another young female, H.A.B. He pointed a gun at her and demanded that she get into his car. H.A.B. ran away and was able to provide police with a description of the vehicle and a partial license plate number for Johnson's car.

That same day, Johnson approached another young female, L.M.B. He grabbed her by her shirt collar, pointed a gun at her, and demanded that she get into his car. When L.M.B. tried to give Johnson money, he took the money and then again demanded that she get into his car. L.M.B. kicked Johnson and ran away.

Based on H.A.B.'s description of the vehicle and partial license plate number, police determined that the suspect vehicle was registered to Joyce Gielas, who lived with Johnson. Police went to Gielas' home and met Johnson. Johnson confessed to approaching L.M.B., pointing a gun at her, and attempting to drag her into his car. Johnson stated that he was "lonely" and explained that he "wasn't going to rape" L.M.B. *State v. Johnson*, 2020 WI App 41, ¶ 5, 392 Wis. 2d 907, 945 N.W.2d 363. Instead, he "was just going to make her drive around with him in the vehicle." *Id.* Police then arrested Johnson.

After Johnson's arrest, police continued to investigate J.L.R.'s kidnapping and sexual assault. DNA taken from J.L.R.'s rape kit matched Johnson's profile. The cases involving J.L.R., H.A.B., and L.M.B. were subsequently consolidated for trial.

Johnson moved to suppress his statement to police on the ground that he was not given warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966). The trial court held an evidentiary hearing at which only Detective Patrick Patton testified. At the conclusion of the hearing, the court denied the motion, finding that Johnson was not in custody when he gave his statement and was therefore not entitled to *Miranda* warnings.

On the morning of the trial, the parties discussed Johnson's intent to admit evidence of J.L.R.'s prior sexual conduct. J.L.R. had engaged in sexual intercourse with a different adult male approximately one hour before encountering Johnson. Although J.L.R. perceived the earlier sexual intercourse to be consensual, she could not legally consent due to her age. J.L.R. did not initially disclose the earlier act to the police for fear that her mother would find out. Johnson argued that this evidence was relevant to J.L.R.'s credibility, as it indicated that she might lie to stay out of trouble. The trial court ruled the evidence inadmissible under Wisconsin's rape shield law, Wis. Stat. § 972.11.

During the trial, Johnson objected to the State introducing evidence that he kept a room in his house for viewing sexually explicit materials. The room contained two televisions, a chair, hundreds of X-rated videos, sex toys, lubricants, and towels. Johnson asserted the evidence was irrelevant and unfairly prejudicial. The State countered that the evidence showed Johnson's intent. The trial court ruled that the evidence was admissible.

The jury ultimately found Johnson guilty of kidnapping, first-degree sexual assault of a child, two counts of attempted kidnapping, theft, attempted abduction of a child, child enticement,

3

and false imprisonment. Johnson appealed the judgment of conviction. The Wisconsin Court of Appeals affirmed the conviction. The Wisconsin Supreme Court denied Johnson's petition for review on August 20, 2020.

**ANALYSIS**

This petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 575 U.S. 312, 315–16 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established Federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.* That is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Johnson asserts that the statements he made to police without having been advised of his constitutional rights should have been suppressed under *Miranda v. Arizona*, 384 U.S. 436 (1966). The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a

witness against himself." U.S. Const. amend. V. To protect the right against self-incrimination, the Supreme Court has established procedural safeguards requiring law enforcement to advise a person of his Fifth Amendment right prior to any custodial interrogation. *See Miranda*, 384 U.S. at 468–77. In particular, before the start of a custodial interrogation, law enforcement must advise the person of his right to remain silent, that any statements he makes can be used as evidence against him, and that he has the right to the advice of an attorney during questioning, whether he can afford to hire one or not. *Id.* at 479. But these warnings are not required before any questioning by police. "*Miranda* warnings are due only when a suspect interrogated by the police is 'in custody.'" *Thompson v. Keohane*, 516 U.S. 99, 102 (1995). In determining whether a person is "in custody," the court must consider whether, "in light of the objective circumstances of the interrogation, a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 565 U.S. 499, 509 (2012) (internal quotation marks, alterations, and citations omitted). Even if the person would not have felt free to leave, the court must ask "whether the relevant environment presents the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*." *Id.*

The Wisconsin Court of Appeals concluded that Johnson was not in custody at the time he gave the challenged statements. The court explained that the police went to Johnson's house to follow up on the vehicle registered to the same address. It noted that Detective Patton testified that Johnson invited police officers inside after he had a "cordial" conversation with them in his driveway and offered them seats in his living room. 392 Wis. 2d 907, ¶ 16. Johnson was never handcuffed, his movements were not restricted, and the officers never drew their weapons. The court observed that Detective Patton's questioning lasted approximately ten minutes before Johnson gave his statement regarding L.M.B. "Johnson makes much of the fact that four officers

5

were present at his home," the court noted, but "that factor alone would not lead a reasonable person in his position to have considered himself or herself to be in custody." *Id.* The court reasoned that Johnson could have walked out his front door if he wanted to or could "just tell the police to get out." *Id.* The Wisconsin Court of Appeals concluded that, given the totality of the circumstances, the trial court properly denied Johnson's motion to suppress. *Id.* The Wisconsin court's determination was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

To the extent Johnson claims that the trial court incorrectly found that he was not in custody during the questioning conducted by law enforcement, that argument fails. Based on the evidence before the state court, including the testimony of Detective Patrick Patton, I cannot conclude that the state court's findings are "an unreasonable determination of the facts." § 2254(d)(2). This Court must defer to the trial court's findings of fact because Johnson has not presented clear and convincing evidence to rebut them. §§ 2254(d), (e)(1). Therefore, the state courts did not violate § 2254(d)(2). Because the state court's decision was not an unreasonable application of clearly established law and did not involve an unreasonable determination of fact in light of the evidence, Johnson is not entitled to relief on this basis.

Johnson also argues that the trial court erred by denying his request to admit evidence of J.L.R.'s prior sexual conduct. "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Delaware v. Van Arsdall*, 475 U.S. 676, 678 (1986) (quoting U.S. Const. amend. VI). This includes the right to cross-examine adverse witnesses. *See Davis v. Alaska*, 415 U.S. 308, 315 (1974). "It's well established, however, that the constitutional rights to cross-examine witnesses and present relevant testimony are not absolute; these rights 'may, in appropriate cases, bow to

accommodate other legitimate interests in the criminal trial process.'" *Sarfraz v. Smith*, 885 F.3d 1029, 1037 (7th Cir. 2018) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).  A defendant's constitutional right to present a complete defense does not call into question the constitutionality of "well-established rules of evidence [that] permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."  *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006).

The Wisconsin Court of Appeals agreed with the trial court that Wisconsin's rape shield law barred the admission of evidence of J.L.R.'s prior sexual conduct.  Wisconsin's rape shield law generally prohibits the introduction of any evidence of the complainant's prior sexual conduct "regardless of the purpose."  Wis. Stat. § 972.11(2)(c).  The Wisconsin Court of Appeals found that the application of the rape shield law did not deprive Johnson of his constitutional right to present evidence.  It explained that Johnson failed to show that the excluded evidence was relevant to a material issue in the case.  Johnson argued that this evidence was relevant to J.L.R.'s credibility.  The court observed that although J.L.R.'s credibility was a subject at trial, Johnson's defense was that she misidentified him, not that she intentionally lied about Johnson sexually assaulting her.  392 Wis. 2d 907, ¶ 21.  The state court's application of the rape shield law did not violate Johnson's constitutional rights.

Johnson asserts that the trial court erred by admitting evidence that Johnson kept a room in his house for viewing sexually explicit materials.  Matters of state evidentiary law are generally not cognizable on federal habeas review.  *See United States ex rel. Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985) ("Violations of state evidentiary laws generally do not form the basis upon which federal habeas corpus relief can be granted.  A habeas proceeding concerns only whether federal constitutional rights were infringed.").  While a state court's erroneous evidentiary ruling

7

may be reviewable if it is "so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial," *Howard v. O'Sullivan*, 185 F.3d 721, 723–24 (7th Cir. 1999), Johnson has not framed the issue as one of Due Process. Even if he had, the Court would find that the claim was procedurally defaulted because that constitutional argument was not raised in the state court. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) ("[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to rise that claim in state court has passed, the petitioner has procedurally defaulted that claim." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 853–54 (1999)). Accordingly, Johnson's petition is denied with respect to his claim the state courts erred in finding that evidence that he kept a room in his house for viewing sexually explicit materials was admissible.

## CONCLUSION

For these reasons, Johnson is not entitled to federal habeas relief on his claims. His petition for writ of habeas corpus is therefore **DENIED**, and the clerk is directed to enter judgment dismissing the case. A certificate of appealability is **DENIED**. I do not believe that reasonable jurists would find that Johnson has made a substantial showing of the denial of a constitutional right.

Johnson is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of March, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge